IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE ESCOBEDO, and FRANCISCO ESCOBEDO, on behalf of themselves and all other plaintiffs similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) OSWEGO JUNCTION ENTERPRISES ) LLC, d/b/a PROHIBITION JUNCTION ) SPORTS BAR & GRILL, and KEVIN ) FIALKO, ) ) Defendants. ) | Case No: 17-cv-0682 Magistrate Judge Susan E. Cox |

**MEMORANDUM OPINION AND ORDER**

For the reasons discussed below, the Motion to Dismiss Counterclaim [30] filed by Plaintiffs Jose Escobedo and Francisco Escobedo ("Plaintiffs") is granted, and Plaintiffs' Motion to Strike Defendant's Affirmative Defenses [31] is granted in part and denied in part.

**BACKGROUND**

Plaintiffs brought the instant law suit against Defendants Oswego Junction Enterprises LLC ("Oswego") and Kevin Fialko ("Fialko"), alleging violations of the Fair Labors Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Plaintiffs worked as cooks at Prohibition Junction (the name under which Oswego did business); Fialko owns Prohibition Junction. (Dkt. 14 at ¶¶ 2-4.) Plaintiffs allege that Defendants failed to pay them overtime for time worked beyond forty hours per week, and brought claims on behalf of a class of similarly situated employees. (Dkt. 14 at ¶ 10.) Additionally, Plaintiff Jose Escobedo ("Jose") brought an individual cause of action based on the Illinois Wage Payment and Collection Act ("IWPCA"),

1

claiming that he was not paid for hours worked during the week of June 13, 2016. (Dkt. 14 at ¶¶ 43-44.)

Oswego filed an answer and counterclaim. (Dkt. 24.) Oswego raised three affirmative defenses: 1) failure to state a claim under the FLSA and IMWL against Jose because Jose was an exempt executive, administrative, or professional employee; 2) failure to state a claim for a collective action under the FLSA, because the class definition is overbroad, and the named Plaintiffs are not adequate class representatives; and 3) failure to join a required party under Federal Rule of Civil Procedure 19(a)(1). On the third affirmative defense, Oswego states that it purchased Tommy's Sports Bar & Eatery, LLC ("Tommy's") on January 19, 2015. (Dkt. 24, Affirmative Defenses, at ¶ 19.) Plaintiff was an employee of Tommy's from September 2014 until Oswego purchased Tommy's and began operating Prohibition Junction at the same location in January 2015; Jose alleges that he is owed unpaid overtime beginning in September 2014, when the restaurant was still owned and operated by Tommy's. (*Id.* at ¶¶ 18, 22.) Oswego claims that its purchase agreement with Tommy's stipulated that Tommy's remained liable and agreed to indemnify Oswego for all "obligations, liabilities, and indebtedness of [Tommy's], including employee wages, with respect to all periods of time prior to and on the closing date" of the sale. (*Id.* at ¶ 24.) As such, Oswego contends that Tommy's and its owners are liable for the unpaid overtime wages between September 2014 and January 2015, and are indispensable parties that must be joined to the action. (*Id.* at ¶¶ 27-28.) Additionally, Oswego filed a counterclaim against Jose for conversion. Specifically, Oswego alleges that Jose removed food from Prohibition Junction for his personal use without approval. (Dkt. 24, Countercl., at ¶¶ 5-14.)

Plaintiffs then filed the instant motions, seeking to dismiss Oswego's counterclaim against Jose, and to strike Oswego's affirmative defenses. Those motions have been fully briefed and are now ripe for disposition.

## DISCUSSION

I. **MOTION TO DISMISS**

Plaintiffs move to dismiss the counterclaim on three bases: 1) lack of subject matter jurisdiction pursuant to Rule 12(b)(1); 2) failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6); and 3) the Illinois Citizen Participation Act. Because the Court rules that it lacks subject matter jurisdiction over the counterclaim, it will not reach the other bases for Plaintiffs' motion.

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert the defense of lack of subject matter jurisdiction by motion. Generally, counterclaims are governed by Federal Rule of Civil Procedure 13, and fall into two main categories: compulsory counterclaims and permissive counterclaims. Here, the parties appear to concede that the counterclaim is permissive, and the Court will proceed accordingly. (*See* Dkt. 38 at 2.) Rule 13(b) states that "[a] pleading may state as a counterclaim against an opposing party any claim that is not compulsory." Although the language of the rule would seem to suggest that there are no outer boundaries to its scope, the rule is necessarily limited by the federal courts' limited jurisdiction. *See* Fed. R. Civ. P. 82 ("The rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts"). Clearly, the state law tort claim of conversion does not invoke federal question jurisdiction, and there does not appear to be diversity of citizenship between Jose and the Defendants. As such, the only potential avenue for subject matter jurisdiction is 42 U.S.C. § 1367(a), which codifies the boundaries of supplemental jurisdiction.

According to Section 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In order to properly exercise supplemental jurisdiction, Courts have consistently read this statute to require the state law claims to share a "common nucleus of operative facts" with the federal claims. *See Olson v. Bemis Co., Inc.*, 800 F.3d 296, 302 (7th Cir. 2015). The Seventh Circuit has held that the limits of Article III, which form the outer boundary of Section 1367(a), only require a "loose factual connection between the claims." *Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996) (quoting *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1996)). Although the Court has not found any case law in this district examining the precise issue before the Court (*i.e.*, whether a permissive counterclaim for state law conversion shares a common nucleus of operative facts with a FLSA claim), other courts in similar cases have almost universally determined that federal courts lack subject matter jurisdiction over such counterclaims. *See, e.g., Kelso v. Complete Home Renovations, Inc.*, 2017 WL 495789, at *2 (S.D. Ind. Feb. 7, 2017) (plaintiff's FLSA claims and defendant's conversion counterclaim "do not share any common elements"); *Cruz v. Don Pancho Market, LLC*, 167 F. Supp. 3d 902, 906-907 (W.D. Mich. 2016) (counterclaims for fraud, breach of contract, and conversion do not arise out of the same case or controversy at FLSA claim); *Foston v. Edwards Package Store, Inc.*, 2015 WL 2452787, at *2 (N.D. Ga. May 20, 2015) (dismissing counterclaim for conversion because it did not challenge Plaintiff worked hours related to his FLSA claim); *Cordero v. Voltaire*, 2013 WL 6415667, at *6 (W.D. Tex. Dec. 6, 2013) (counterclaims for theft, conversion, and breach of fiduciary duty "do not share common facts with the FLSA claims and a different body of evidenced will be required to prove those claims"); *Lou v. Ma Labs., Inc.*,

2013 WL 3989425, at *3 (N.D. Cal. Aug. 2, 2013) (conversion counterclaim alleging that plaintiff took proprietary information did not arise out of a common nucleus of operative facts or even share a "loose factual connection" with FLSA claims).

Here, the Court believes that Oswego's counterclaim for conversion of food products and Plaintiffs' claim for unpaid overtime do not share a common nucleus of operative fact, and the Court does not have jurisdiction over the counterclaim. The thrust of Plaintiffs' claims will require them to show that they were employees of Oswego, they worked in excess of forty hours in certain weeks, and they were not paid at a rate that was one-and-a-half times their regular rate of pay. Meanwhile, a counterclaim for conversion requires Oswego to prove that: 1) Jose wrongfully assumed control or ownership over Oswego's property; 2) Oswego had the right to immediately possess that property; and 3) Oswego demanded possession of the property. *See Stevens v. Interactive Financial Advisors, Inc.*, 830 F.3d 735 (7th Cir. 2016). Simply by reviewing the elements of the two claims, it is clear to the Court that these two causes of action do not require the same factual or legal arguments, and would not rely on the same evidence. The Court does not believe that there is an overlap of operative facts, or even a loose factual connection between Plaintiffs' claims for failure to pay overtime, and Oswego's counterclaim for conversion.

Oswego contends that Jose's role as a manager is pertinent to both his authority to take food from the kitchen (which would affect whether Jose wrongfully assumed ownership over the food) and his status an exempt employee (as Oswego asserts in one of its affirmative defenses). The Court does not believe that these issues overlap sufficiently to create a common nucleus of operative fact. If Jose had authority to take food from the kitchen, that fact would defeat the counterclaim, but would not necessarily mean that he met the requirements for exempt employee

status under the FLSA. Certainly the lowest-level worker in a kitchen could be given authority by a restaurant to take food without being elevated to an exempt "executive, administrative, or professional" employee under the FLSA. Similarly, it is very possible that the evidence will show that Jose was a manager who had exempt employee status, but did not have authority to remove or discard food. It is not hard to imagine a situation wherein a kitchen manager is prohibited by the owner of restaurant from taking food for personal use. As such, these two discrete legal issues will require two distinct sets of evidence, and do not sufficiently overlap for this Court to find that they share even a loose factual connection sufficient to satisfy the requirements of supplemental jurisdiction.[1]

Next, Oswego asserts that "Plaintiff's compensation for work performed is a key issue to his FLSA claim and whether Plaintiff may have considered a right to take food from Defendant's inventory as part of his compensation for his work is relevant to both claims." (Dkt. 38 at 4.) Jose has never claimed that food was part of his compensation, and judging by his reply brief to the motion to dismiss, has no plan to do so. More importantly, if Oswego's argument were correct, it would necessarily defeat its own counterclaim against Jose. If the food that Jose allegedly converted was allowed as part of his compensation, then he was authorized to possess the food, and the conversion claim will fail. As such, this argument is unpersuasive, and the Court finds that there is not a common nucleus of operative facts between the counterclaim and Plaintiffs' wage claims. This court lacks subject matter jurisdiction over the counterclaim, and

---

[1] Both of the cases that Oswego relies on are distinguishable from this case. In *Adams Street Joint Venture v. Harte*, 231 F. Supp. 2d 759 (N.D. Ill. 2002), the plaintiffs sued a former employee for wrongfully diverting funds belonging to his employer, and the defendant countersued for breach of contract for monies owed to him. *Royal Towing, Inc. v. City of Harvey*, 350 F. Supp. 2d 750 (N.D. Ill. 2004) considered whether a plaintiff's state law claim relating to denial of pension benefits arose from a common nucleus of operative facts with a First Amendment retaliation claim; the case did not discuss counterclaims or permissive counterclaims at all. Neither case considered the relationship between conversion claims and FLSA claims. While tangentially related because they discuss supplemental jurisdiction, these cases do not have much persuasive value on the precise issue before the Court.

Plaintiffs' motion to dismiss pursuant to Rule 12(b)(1) is granted. Because the Court grants the motion on these grounds, the additional arguments raised in the motion are not reached here.

**II.     MOTION TO STRIKE**

Generally, courts disfavor motions to strike because they cause delay. *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.*, 213 F.R.D. 307 (N.D. Ill. 2003) (citing *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800, 801 (N.D. Ill. 2000)). "However, where motions to strike 'remove unnecessary clutter from the case, they serve to expedite.'" *Id.* (quoting *Heller v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Courts in this district apply a three-part test in ruling on a motion to strike an affirmative defense, requiring that: 1) the matter be properly pleaded as an affirmative defense; 2) the matter be adequately pleaded under Federal Rules of Civil Procedure 8 and 9; and 3) the matter can "withstand a 12(b)(6) challenge – that is, if the defendant could prove no set of facts in support of the affirmative defense that would defeat the complaint, the defense must be stricken as legally inadequate." *Id.* (citing *Renalds*, 119 F. Supp. 2d at 802-803.)

The first affirmative defense should be stricken because it is comprised of the type of conclusory statements that courts consistently hold are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 983 (N.D. Ill. 2013). The entirety of Oswego's allegations in the first affirmative defense specific to Jose (*i.e.*, are not a recitation of the standards of law and relevant statutory or regulatory provisions) is that "Plaintiff Jose Escobedo meets the requirements to be categorized as an exempt executive employee, an exempt administrative employee, or both, under the FLSA and IMWL." (Dkt. 24, Affirmative Defenses, at ¶ 5.) Oswego provides no factual allegations to support this pure legal conclusion. Oswego does not explain the portions of Jose's job

requirements that would prove that he meets the relevant exceptions. There is no factual underpinning whatsoever to moor Oswego's first affirmative defense to the legal conclusions in its pleading. As such, that affirmative defense could not withstand a 12(b)(6) challenge and is hereby stricken.[2]

The second affirmative defense should be stricken because it is not properly pleaded as an affirmative defense. "An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D. Ill. 2011). However, when a defendant attacks the plaintiff's *prima facie* case, it is a "negative defense," which is distinct from an affirmative defense. *Id.* Challenges to the adequacy of class allegations are treated as negative defenses, not affirmative defenses. *See Pietrzycki v. Heights Tower Service, Inc.*, 2015 WL 688150, at *2 (N.D. Ill. Feb. 24, 2003). Here, Oswego's second affirmative defense alleges that Plaintiffs' putative class is overbroad, and that both named Plaintiffs (Jose and Francisco Escobedo) are disqualified to act as class representatives because they are not similarly situated to other proposed class members. This defense is a direct attack on the allegations made in Plaintiffs' complaint regarding the putative collective action. (*See* Dkt. 14 at ¶¶ 20-27.) As such, it is more accurately classified as a negative defense, and is not appropriately pleaded as an affirmative defense. Therefore, the second affirmative defense is also stricken.[3]

The third affirmative defense is properly pleaded and Plaintiffs' motion on this defense is denied. Plaintiffs argue that the third affirmative defense does not meet the first prong of the test

---

[2] The Court dismisses the first affirmative defense without prejudice. The Court cannot say that it is impossible for Oswego to properly plead or prove this affirmative defense, only that it has failed to do so in this first iteration.
[3] The Court is not suggesting that this defense cannot be raised later in the litigation through the appropriate motion challenging class certification, only that it is not appropriately raised as an affirmative defense in Oswego's answer.

articulated above, and does not "raise an affirmative matter." (Dkt. 31 at 5.) It is well-established that "[q]uestions relating to the nonjoinder of persons needed for a just adjudication under Rule 19 may be raised . . . by inserting the defense of nonjoinder in the answer itself." 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1609 (3d Ed. 2001). Plaintiffs assert that the third affirmative defense does not satisfy the first element of the test articulated above because the purchase agreement that Oswego entered into with Tommy's "has no bearing on the Plaintiff's rights under the FLSA and IMWL." (Dkt. 31 at 5.) This is the wrong lens through which to view whether a defense is properly pleaded as affirmative. The issue is not whether the affirmative defense asserted would affect the plaintiff's rights, but whether it would shield the defendant from liability. In fact, as noted above, an attack on Plaintiffs' *prima facie* case would be a negative defense, not an affirmative defense, and would not be properly pleaded. As such, this matter is properly pleaded as an affirmative defense.[4]

Plaintiffs do not argue that the third affirmative defense falls short of the relatively modest burden of Federal Rule of Civil Procedure 8(b)(1) that the affirmative defense "state in short and plain terms [Oswego's] defenses" to Plaintiffs' claims. Instead, Plaintiffs seem to argue that the third affirmative defense is not sufficiently pleaded to survive a 12(b)(6) challenge. The third affirmative defense is brought pursuant to Federal Rule of Civil Procedure 19, which requires that certain persons be joined as a party to a lawsuit if feasible. Rule 19(a)(1) describes two ways in which a person may be a "required party." First, a person is a required party if "in that person's absence, the court cannot accord complete relief among existing

---

[4] Plaintiffs repeatedly argue that the Court should strike Oswego's affirmative defense because Oswego can bring Tommy's into the case by filing a third party complaint against Tommy's. While that may be true, the affirmative defense based on Rule 19 and the ability to file a third party complaint are not mutually exclusive, and Plaintiffs do not explain why Oswego's ability to file a third party complaint necessarily means that Tommy's is not a required party under Rule 19.

9

parties." Fed. R. Civ. P. 19(a)(1)(A). A person is also a required party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

Plaintiffs take issue with Oswego's contention that Tommy's must be joined to the lawsuit in order to meet the goal of Rule 19 to ensure "complete relief among the existing parties." The question before this Court on a 12(b)(6) motion would be whether Oswego has drafted the affirmative defense such that some set of facts could support it. The Court finds that Oswego has satisfied this requirement. A review Oswego's pleadings show that they are claiming that Tommy's satisfies *both* prongs of Rule 19(a)(1), not just the "complete relief" section. (*See* Dkt. 24, Affirmative Defenses, at ¶ 27.) Even if Plaintiffs were correct that Oswego could not show that Tommy's was needed to ensure "complete relief among the existing parties,"[5] the Court believes that Oswego has sufficiently alleged that it would be at a substantial risk of inconsistent obligations if Tommy's were not joined to the lawsuit. Of course, proving that affirmative defense is entirely different burden on Oswego, but the Court cannot say that Oswego has failed to adequately plead the affirmative defense at issue. As such, the Motion to Strike is denied as to the third affirmative defense.

## CONCLUSION

For the reasons discussed below, the Motion to Dismiss Counterclaim [30] filed Plaintiffs Jose Escobedo and Francisco Escobedo ("Plaintiffs") is granted, and Plaintiffs' Motion to Strike Defendant's Affirmative Defenses [31] is granted in part and denied in part.

---

[5] The Court does not reach that issue in this opinion.

**ENTERED:**

Date: July 24, 2017

_____

U.S. Magistrate Judge, Susan E. Cox